UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


JEFF JERMAINE TERRY,

      Petitioner,

-vs-                           Case No.  6:10-cv-704-Orl-36KRS

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

      Respondents.

_____/

### ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8).  Petitioner filed a reply to the response (Doc. No. 14).

      Petitioner alleges two claims for relief in his habeas petition:  1) trial counsel was ineffective for advising him to plead guilty; and 2) trial counsel was ineffective for failing to advise him that he "had a right not to become a witness against himself."

### I.    *Procedural History*

      In state court case number 2001-CF-495, Petitioner and another individual were

charged by indictment with murder in the first degree with a firearm (count one) and robbery with a firearm (count two). Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter pleas of nolo contendere to one count of manslaughter and one count of robbery with a firearm. On April 12, 2002, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of 48 months as to each of the counts, with the sentences to run concurrently.[1] The sentences were to be followed by probation for a term of 11 years as to the manslaughter count and for a term of 20 years as to the robbery count. Petitioner did not file a direct appeal.

Petitioner was released from prison on December 17, 2004, and, on July 10, 2005, he was arrested for violation of probation. On July 15, 2005, the Department of Corrections filed an affidavit of violation of probation, alleging that Petitioner had violated certain conditions of his probation.[2] The trial court held a hearing on the violation of probation and found that Petitioner had violated the conditions of probation. On April 13, 2006, the

---

[1]On April 12, 2002, Petitioner was also adjudicated guilty and sentenced in two other state court cases: 1) in case number 2000-CF-8595, he was adjudicated guilty of burglary of a dwelling and third degree grand theft of a motor vehicle and was sentenced to concurrent terms of imprisonment of 48 months, followed by probation; and 2) in case number 2000-CF-15351, he was adjudicated guilty of two counts of third degree grand theft of a motor vehicle, fleeing or attempting to elude a law enforcement officer with sirens and lights activated, burglary of a dwelling, and escape during transport and was sentenced to concurrent terms of imprisonment of 48 months, followed by probation.

[2]Petitioner was charged in state court case number 2005-CF-8898, with grand theft auto. Petitioner pled guilty to the charge on August 19, 2005, and received a sentence of 4 years. This grand theft charge resulted in the violation of the conditions of Petitioner's probation in this case.

trial court sentenced Petitioner to imprisonment for a term of fifteen years as to the manslaughter count and to life imprisonment as to the robbery count.[3]  Petitioner filed a belated appeal with the Florida Fifth District Court of Appeal, and, during the pendency of those proceedings, he filed a motion to correct sentence with the state trial court.  The state appellate court affirmed *per curiam* the trial court's ruling on the violation of probation, and the state trial court denied Petitioner's motion to correct sentence.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied.  Petitioner appealed the denial, and the state appellate court affirmed *per curiam*.

## II.   *Legal Standards*

### A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[3]In case number 2000-CF-8595, Petitioner violated the conditions of his probation, and it was revoked on January 25, 2006.  Petitioner was sentenced to imprisonment for a term of imprisonment of 53 months.  In case number 2000-CF-15351, Petitioner violated the conditions of his probation, and it was revoked on August 19, 2005.  Petitioner was sentenced to imprisonment for a term of 8.5 years.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[4] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue

---

[4]Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.     Standard for Ineffective Assistance of Counsel**

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the Strickland test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the Strickland test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90.

**III.     Analysis**

**A.     Claim One**

Petitioner argues that trial counsel was ineffective for advising him to plead guilty in case number 2001-CF-15351 because he erroneously believed that the guilty plea in that case would also resolve all of his other violation of probation cases and his grand theft case. According to Petitioner, counsel advised him that "all his violations . . . would be resolved

5

in exchange for 8 ½ years." This claim was raised in Petitioner's Rule 3.850 motion and was denied.  In denying the claim, the trial court set out the procedural history of the various cases involving Petitioner:

<u>Procedural History</u>

2000-CF-8595: On April 12, 2002, Defendant pled nolo contendere to (1) Burglary of a Dwelling and (4) Grand Theft Third Degree of a Motor Vehicle and was sentenced to concurrent terms of 48 months in the Department of Corrections ("DOC") with 1 year, 279 days credit of time served, followed by 11 years of probation in Count (1) and 1 year of probation in Count (2).   He did not appeal. After he violated probation, it was revoked and on January 25, 2006, Defendant was sentenced to concurrent terms of 53 months in DOC with credit for time previously served in DOC prior to sentencing.

2000-CF-15351: On April 12, 2002, Defendant pled nolo contendere to (1) Grand Theft Third Degree of a Motor Vehicle, (2) Fleeing or Attempting to Elude a Law Enforcement Officer With Siren and Lights Activated, (4) Grand Theft Third Degree of a Motor Vehicle, (5) Burglary of a Dwelling, and (9) Escape During Transport.  On the same day, he was sentenced to concurrent terms of 48 months in DOC with 515 days credit for time served, followed by 1 year of probation in Counts (1), (2), and (4), and 11 years of probation in Counts (5) and (9).  He did not appeal.  After he violated probation, it was revoked and on August 19, 2005, Defendant was sentenced to concurrent terms of 8.5 years in DOC with 41 days credit for time served and credit for any time served in DOC prior to sentencing.

2001-CF-495: On April 12, 2002, Defendant pled nolo contendere to (1) Manslaughter and (2) Robbery with a Firearm and was sentenced to concurrent terms of 48 months in DOC with one year, 91 days credit for time served, followed by 11 years of probation in Count (1) and 20 years of probation in Count (2).  He did not appeal. After he violated probation, it was revoked and on April 13, 2006, Defendant was sentenced to concurrent terms of 15 years and life in DOC with 308 days credit for time served and with credit for any time served in DOC prior to resentencing.  His September 27, 2006, petition for belated appeal was granted and the Fifth District Court of Appeal subsequently per curiam affirmed, with Mandate issuing on November 9, 2007.  *See Terry v. State*, 967 So.2d 217 (table) (Fla. 5th DCA

2007).  His March 29, 2007, motion to correct sentence was denied on April 5, 2007.

*See* Appendix G.

In case number, 2000-CF-15351, Petitioner executed a Violation of Probation/Community Control Plea in which, among other matters, he agreed to enter a no contest plea to the charge of violation of probation/community control and acknowledged that the State would recommend that he be sentenced to 8.5 years.  During the plea hearing on the matter, which was held on August 19, 2005, the trial court found that the plea was voluntary, accepted the plea, and sentenced Petitioner to the agreed-upon term of 8.5 years.  At the same hearing, the trial court accepted Petitioner's plea in case number 2005-CF-8898 and sentenced him to imprisonment for a concurrent term of 4 years. In case number 2005-CF-8898, Petitioner entered into a plea agreement in which, among other matters, he agreed to enter a plea of nolo contendere to grand theft auto and acknowledged that the State would recommend that he be sentenced to 4 years.

At the plea hearing in case numbers 2001-CF-15351/2005-CF-8898, Petitioner stated that he had read the plea agreements, that he had signed the plea agreements, and that he understood everything in the plea agreements.  Those plea agreements specifically addressed matters related to those cases only, set forth the recommended sentences for those cases only, and made no reference or set forth any agreement whatsoever as to any other cases.  Moreover, Petitioner stated that he had not been promised anything in exchange for his pleas in those cases, "other than the recommended sentence set forth on

the two plea forms." *See* Plea Hearing at 3.  Further, at the plea hearing, there was no reference to any agreements in any other cases, and, when the sentences were pronounced, Petitioner did not question the fact that the sentences did not involve any other cases.

Under the circumstances, the Court finds that the plea agreements and the statements made by Petitioner at the plea hearing reflect that Petitioner was aware that he would receive a sentence of 8.5 years as to cases 2000-CF-15351 and a concurrent sentence of 4 years as to 2005-CF- 8898 only.[5]  Thus, there has been no showing that Petitioner's counsel acted deficiently or that he sustained prejudice.  As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

**B.     *Claim Two***

Petitioner avers that trial counsel was ineffective for failing to advise him that he "had a right not to become a witness against himself."  In particular, he argues that, at the violation of probation hearing in case number 2001-CF-495, the prosecutor "called Petitioner as a witness against himself."  Petitioner acknowledges that his counsel did raise

---

[5]In case number, 2000-CF-8595, Petitioner executed a Violation of Probation/Community Control Plea in which, among other matters, he agreed to enter a no contest plea to the charge of violation of probation/community control and acknowledged that the trial court agreed to enter a sentence of 53 months, concurrent with any other sentence.  During the plea hearing on the matter, which was held on January 25, 2006, the trial court found that the plea was voluntary, accepted the plea, and sentenced Petitioner to the agreed-upon term of 53 months.  There was no reference in the plea agreement or at the plea hearing to the sentence involving any other cases.

8

an objection to such testimony but asserts that the objection was raised after Petitioner had answered questions that "provided a basis for revocation of his probation."

The state appellate court in *Cassamassima v. State,* 657 So.2d 906, 911 (Fla. 5th DCA 1995), discussed the issue of a probationer's testimony during a revocation hearing:

> [A] probationer may be required to provide all necessary information for his supervision. He may be required to confirm or deny his location at a particular place at a particular time, explain his non-criminal conduct and submit to a search of his quarters and of his person; his Fifth Amendment rights relate only to a separate criminal offense. If a probationer chooses not to answer questions about non-criminal conduct or to submit to such searches, his probation can be revoked.

(Citation omitted). Here, Petitioner was asked questions about an offense to which he had already pled guilty. Petitioner's counsel specifically objected to this line of questioning and advised Petitioner to invoke his Fifth Amendment right. (Appendix A, Transcript of Violation of Probation Hearing and Sentencing at 9.) The trial court sustained the objection. *Id.* Thus, since Petitioner's counsel raised an objection, there has been no showing that counsel acted deficiently.

In addition, the Court notes that "[i]t is well-settled . . . that the [Fifth Amendment] privilege [against self-incrimination] no longer exists as to alleged crimes for which the witness could not be subsequently prosecuted, as when he had, as in this case, previously pled guilty and been sentenced for the offense in question." *Dearing v. State,* 388 So. 2d 296, 298 (Fla. 3d DCA 1980). As a result, Petitioner would have been required to admit that he had pled guilty to, and, consequently, that he had committed an offense which occurred during his probation. *See also Hall v. State,* 421 So. 2d 188, 189 (Fla. 2d DCA 1982) ("a

9

probationer has no privilege against self-incrimination with respect to an offense he committed after being placed on probation, and for which he could not be subsequently prosecuted.").

Accordingly, the Court finds that Petitioner has failed to demonstrate that counsel acted deficiently or that he sustained prejudice.  As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Jeff Jermaine Terry is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 27th day of September, 2012.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 9/27
Counsel of Record
Jeff Jermaine Terry

11